UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HONGTAO WANG, <br><br> PETITIONER, <br><br> v. <br><br> WARDEN et al., <br><br> RESPONDENTS. | Case No. 5:26-cv-03766-SB-KES <br><br><br> ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Hongtao Wang was detained by Immigration and Customs Enforcement (ICE) on June 2, 2026.  On July 8, 2026, Petitioner filed a petition for a writ of habeas corpus seeking a bond hearing or release.  Petitioner further states that he seeks a bond hearing where the government "bears the burden of proving by clear and convincing evidence that continued detention is justified."  Dkt. No. 1. at 3.  The Court ordered the government to address whether it opposes a bond hearing.  Dkt. No. 6.  The government filed a response stating that it was "not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time."  Dkt. No. 8.

In light of the government's nonopposition to Petitioner's request for a bond hearing in which the government bears the burden by clear and convincing evidence, the Court conditionally grants the petition.[1]  The government shall provide Petitioner with an individualized bond hearing, where the government bears the burden of proof by clear and convincing evidence, within seven days of

---

[1] The government has not otherwise filed an opposition to the habeas petition. Nonetheless, the Court determines that Petitioner has neither raised a claim nor provided an argument showing that he is entitled to immediate release under the Due Process Clause.  Habeas relief is equitable in nature, and the Court may tailor the remedy to the violation established.  *See Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

this order and shall file a status report no later than July 27 confirming that Petitioner received a bond hearing.  Absent compliance with this order, Petitioner shall be released from custody.  The Court retains jurisdiction solely to determine whether the government has complied with this order, and not to adjudicate new legal or constitutional challenges arising from the bond hearing itself.  *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (holding that a district court retains jurisdiction to determine compliance with its conditional habeas order but need not address new challenges arising from the ordered bond hearing). Judgment will be entered separately.

Date: July 16, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge